"ORIGINAL"



UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

RICHARD HUGLY,

      Petitioner,

    v.

                               Criminal Case No.
                               4:93-cr-00172-S-001

United States of America,

      Respondent.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION PURSUANT TO TITLE28 U.S.C. 2255(F)(3) TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

COMES NOW, Richard Hugly, proceeding in forma pauperis and as a Pro-Se litigant, hereafter referred to as the "Petitioner", respecfully submits the following **Motion** in support of his Pro-Se claims:

### JURISDICTION

Jurisdiction is vested in this Honorable Court pursuant to Title 28 U.S.C. § 2255(f)(3). Under 28 U.S.C.A. § 2255, federal prisoners "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States" may move the district "Court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C.A. § 2255(a). Section 2255(f) sets forth the one-year statue of limitation for a motion under this section to, in relevant part, "run from the latest of --(1) the date on which the judgement of conviction become final;. .. [or] (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Section 2255(f)(3), however, provides that the one year limitation period begins to run from "the date on which the right asserted was initially recognized by the Supreme Court,

if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." U.S. C.A. § 2255(f)(3). See Dodd v. United States, 545 U.S 353, 357-58 (2005) holding that the one-year limtation period resets the clock "from the date on which the right ...was initially recognized by th [e] [Supreme] Court") Ryan v. United States, 688 F.3d 845 (7 Cir.2012); Jamieson v. United States, 692 F.3d 435 (6th Cir. 2012); Thomas v. United States, 627 F. 3d 534 (4ht Cir. 2010); Dodd v. United States, 365 F. 3d 1273 (11th Cir. 2004); Unites v. Swinton, 333 F.3d 481 (3rd Cir. 2003); United States v. Lopez, 248 F.3d 427 (5th Cir. 2001). In Ryan and Jamieson the Government conceded that §2255(f)(3) is the proper vehicle for any Fedreal Court address if a recent Supreme Court decision is retroactive. Every Circuit to address this jurisdictional issue has recognized that § 2255(f)(3) does not require that the initial retroactivity question be decided in the affirmative only by the Supreme Court. Any Federal Court can make the retroactivity de-cision for purposes of § 2255(f)(3). In the alternative, The Honorable Judge can invoke Jurisdiction through its equitable power in light of "The Supreme Court recently addressed the standard for overcoming pro-cedurally defaulted ineffective assistance of counsel claims. See Martinez v. Rylan, 132 S.Ct. 1309,(2012). When a state, like " the Federal Courts, "requires that a prisoner raise an ineffective assist-ance of counsel claim on collateral review, a prisoner can demonstrate cause for the default in two circumstances: (1)"where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial" and (2) "where appointed counsel in the initial-review collateral proceeding, where the claim

"ORIGINAL"

should have been raised, was ineffective under the standards of
Strickland [v. Washington, 466 U.S. 668, 104 S.Ct.2052,80L.Ed.2d
674(1984)]."132 S. Ct.1309. Id. at *8(citation omitted). Further,
the prisoner must also show that "the underlying ineffective-
assistance-of-trial-counsel claim is a substantial one, which is to
say that the prisoner must demonstrate the claim has some merit.
Cf. Miller-El v. Cockrell(describing standards for certificate of
appealability to issue). "Id.(internal citations omitted). "See
Lindsey v. Cain,476 Fed. Appx. 777,778(5th Cir.2012).

LIBERAL CONSIDERATION OF PRO-SE PLEADINGS

Petitioner respectfully moves that the Honorable Court will
take judicial notice that he is acting as a Pro-Se litigant during
this stage of this instant §2255(f)(3) Motion.  It should be noted
that he understands that he is at a great disadvantage when he is
proceeding Pro-Se for even the most intelligent and well educated of
laymen have small and sometimes no skill in the science of the law.
Petitioner humbly hopes that these claims presented herein will be
considered with greatest liberality and that this Honorable Court
will apply the law, irrespective of whether he has mentioned it
by name.  See Korsunkiy v. Gonzales, 461 F.3d 847, 850 (7th Cir.
2006) Holding that "if the judge can see at what the pro se litigant
is driving at, that is enough."  See Haines
520 (1972).  The Supreme Court has concluded that allegations in
a pro se motion are "held to a less stringent standards that formal
pleading drafted by lawyers" without the benefit and assistance of
counsel or the aide of a person adequately trained in the practices
and procedures of the law.  The Petitioner respectfully requests
that the liberal reading of these claims my raise the strongest

(3)

In the alternative, the Petitioner respectfully requests that the Honorable Judge will appoint counsel to help him present and articulate these novel and complex claims of ineffective assistance of counsel in a clear, distinct, and concise form. According to the Supreme Court in <u>Massaro v. United States</u>, 538 U.S. 500 (2003) these ineffective assistance of counsel claims are foreclosed from being raised on direct appeal and should be brought on post conviction review. In light economy and the newly recognized Supreme Court authority that a post conviction petitioner has a Sixth Amendment right to effective assistance of counsel during collateral review, counsel may be appointed to assist a pro se indigent litigant. See <u>Martinez v.Ryan,</u> 132 S.Ct. 1309 (2012) stating "while confined to prison,the prisoner is in no position to develope the evidentiary basis for a claim of ineffective assistance of counsel,which often turns on evidence outside the trial record."**Lindsey v. cain,2012 U.S. App. Lexis 7953 (5th Cir. 2012).**As this is the petitioner's first post conviction motion.

GROUNDS FOR RELIEF

Petitioner was provided ineffective assistance of counsel when trial counsel drastically underestimated his maximum sentencing exposure compared to the Governments plea offer of seventeen years. Thus his estimate of a twenty year maximum constituted incompetent advice,as there was a reasonable probability that the petitioner would have accepted the Government's plea offer and waive his right to trial, If properly advised by a competent attorney.

(4)

In **Strickland v. Washington,**466 U.S.688(1984),the Supreme
Court set forth a two-part standard for evaluating claims of I.A.C.
The first part of the test requires the defendant show that his
counsel's performance was deficient such that it falls below an
objective standard of reasonableness.Id. at 687-88.The second
part of the test,known as the "prejudice" component,requires the
defendant demonstrate a reasonable probability that ,but for
counsel's unprofessional errors, the result of the proceeding
would have been different.Id. at 691-92.Although the decision in
Strickland dealt with ineffective assistance of counsel in a capital
sentencing proceeding,the same two-part test was extended so as to
apply to ineffective assistance of counsel claims arising out of
the plea process in **Hill v. Lockhart,**474 U.S. 52(1985).

   **A. By underestimating petitioners sentence exposure without**
   **investigating how the guidelines effected him,Counsel misinformed**
   **petitioner as to the desirability to taking the Government's**
   **PLea,and performance as counsel was not objectively reasonable.**
The Supreme Court has held that the plea barganing stage of a
criminal proceeding is a critical stage in the criminal process
where the Sixth Amendment right to effective assistance of counsel
attaches.See **Lafler v. Cooper,**132 S.Ct. 1376(2012);**Missouri v. Frye**
1323 S.Ct. 1399(2012).
The Fifth Circuit has stated "[o]ne of the most precious applications
of the Sixth Amendment may well be in affording counsel to advise
a defendant concerning whether he should entera plea of guilty".See
**Reed v. United States,**354 F.2d 227,229(5th Cir.1965).Other circuit
precedents were also in line with the Supreme Court's decisions in

Lafler and Frye, in United States v. Day,969 F.2d 39(3rd Cir.1992) the Third Circuit held that 2255 could provide relief where trial counsel was ineffective by giving a defendant substandard advice about his sentence exposure under the sentencing guidelines during plea negotiations.The Second Circuit,in United States v. Gordon,156 F.3d 376(2nd cir.1998) found I.A.C. at plea negotiations when the defense counsel underestimated defendants potential maximum sentence. Thus,[t]he decision whether to plead guilty or contest a criminal charge is ordinarily the most important single decision in a criminal case"Gordon, 156 F.3d at 380 and a defendant's knowledge of the comparitive sentence exposure between standing trial and accepting a plea offer will often be  crucial to the decision..."Day,969 F.2d at 43.When defense counsel incorectly or insufficiently advises his client regarding the application of the U.S. Sentencing Guidelines by miscalculating and drastically underestimating the sentencing exposure he is facing,this breaches his constitutional duty "to advise his client fully on whether a particular plea to a charge appears desirable."See Boria v. Keane,99 F.3d 492,496(2nd Cir.1996). In an ordinary case a criminal defense attorney should investigate the facts,explore the possibility of a defense,and determine possible sentencing exposure before advising his client on a plea offer.See Teage v. Scott,60 F.3d 1167(5th Cir 1995).In spite of these duties petitioner received deficient advice from his counsel as to the proposed sentencing exposure which was grossly underestimated,this misadvice influenced his decision to reject the Government's plea offer.Trial counsel's disclosure of the terms in the Governments proposed plea offer would require him to plead guilty to the indic-ment on all three counts,in exchange for a seventeen year sentence.

It was trial counsel's legal advice that the actual maximum sentence
would be twenty years if he went to trial.Thus trial counsel's
legal advice was a false interpretation of the guidelines ,when in
fact the petitioner was facing life without the possibily of parole.
Due to the misadvice of counsel ,petitioner abandoned his consideration
of pleading guilty and decided to proceed to trial.

To prevail on this claim ,petitioner must clear the two probative
hurdles of **Strickland** and **Hill**.First,petitioner must prove that his
counsel's performance was unreasonable,considering all the circum-
stances,that it denied him his Sixth Amendments.See **strickland,supra**
**at 687-91**.Second,petitioner must prove prejudice by showing that
there is a "reasonable probability that,but for counsel's errors"'
he would have plead guilty.See **Hill,supra at 59**.Turning to the
defiicient performance prong,petitioner concedes that the Government
presented a proposed plea agreement to counsel.The agreement was
silent as to the applicable guideline provisions,trial counsel'
made a definitive statement that under the guidelines petitioner
was facing no more than twenty yearsof imprisonment which was about
the same amount of time the government was offering in its plea
agreementeven if petitioner went to trial.Trial counsel's drastic
sentencing miscalculation was deficient advice because he gravely
erred in researching the law by not investigating that petitioner
was facing a walking death sentence as the maximum.Therefore,
counsel's failure to investigate the law concerning petitioner's
true sentencing maximum did not rise to a level of effective perf-
ormance.SeeUnited States **v. Rivas lopez,678 F.3d 433(5th Cir.2012)**
The Fifth Circuit has held that counsel's failure to provide

professional guidance to a defendant regarding his sentence exposure prior to plea constitutes deficient assistance.SeeTeague v. Scott, 60 F.3d 1167(5th Cir 1995).In the majority of cases arising from counsel's failure to properly advise a defendant of the sentencing exposure,counsel underestimated the maximum sentence that would apply if his client proceeded to trial and not prevail.See United States v. Grammas,376 F.3d 433(5th Cir.2004).Considering the facts of this case,trial counsel underestimated the maximum sentence,so petitioner claim is analogous to the typical claim in Grammas.See Lafler v. cooper,182 L.ed 402 (2012). From trial counsel's erroneous legal advice,petitioner was lulled into thinking that he would have received no more than 20 years of imprisonment if he went to terial,compared to the seventeen years being offered by the Government.Counsel's failure to inform petitioner about how the guidelines applied to his case in that he was facing a walking death sentence and not a maximum of twenty years.Absent this vital information,petitioner could not make an intelligent decision about whether to stand trial or accept the Government's offer.Lafler,Frye and Fifth Circuit precedent clearly states that where an attorney has incorrectly or insufficiently advised a defendant regarding the plea agreement such that the defendant could not make an intelligent informed decision about whether to accept it or not,then counsel has failed to provide effective assistance.While the critical fact that counsel misadvisment underestimated the maximum sentence by informing petitioner that his offense carried no more than twenty years of imprisonment this was  a gross miscalculation of risk when it turned out that petitioner could have accepted the  Government's seventeen

(8)

year plea offer instead of going to trial and recieving life without parole.Thus petitioner's decision between going to trial and not accepting a plea agreement was based on counsel's faulty advice.If trial counsel had actually advised petitioner that he faced a walking death sentence under the guidelines ,he would have accepted the Government's plea offer of seventeen years.This was no small mis-calculation of error,the marked disparity was indisputable evidence of counsel's failure to sufficiently advise the petitioner of the desirability of accepting the Government's plea offer,and a clear measureof how his performance as counsel fell well below an objective professional standard.Therefore,petitioner submits that he has sat-isfied his burden of proving unreasonableness,the first prong of Strickland.

Where a plea offer has not been accepted,with regard to actual prejudice,**Hill's** second prong,Hill does not require certainty or even a even a preponderance of the evidence that the outcome would have been difernt with effective assistance of counsel.Thus , petitioner must show that there was a reasonable probability that he would have accepted the Government's plea offer.See **Grammas, 376 F.3d at 438-39;Arnold v. Thaler,630 F.3d 367,371(5th Cir.2011).** A reasonable probability is nothing more than" a probability sufficient to undrmine confidence in the outcome".**Strickland,466 U.S. at 694.**Here petitioner can prove reasonable probability by: (1)testifying that he would have accepted the government's plea agreement and(2)proving the proposed plea agreement was much more favorable than the actual sentence he recieved.Thus ,the "reasonable probability" threshold is clearly met and the prejudice prong satisfied.

satisfied.Petitioner states that had he been properly informed that

he would not face a maximum of twenty years by pleading not guilty,

he would have accepted the plea agreement of seventeen years by

the government.See **affidavit**.Thus facing a posible sentence of life

without parole,as opposed to a certain seventeen years,the drastic

diference would have been persuasive influence to cause the petitioner

to change his plea of not guilty and accept the Government's offer.

Assuming arguendo that this Honorable Court sentenced the petitioner

to the bottom of the guidelines if he plead guilty guilty,the sentence

of seventeen yearsis drastically lower than a walking death sentence

he recieved for not pleading guilty;thereby demonstrating prejudice.

See **United States v.Herrera, 412 F.3d 577,581-82(5th Cir.2005).**

The sentencing disparity in this case was stark:The difference was

between a seventeen year sentence and a walking death sentence.

The Supreme Court has held that even a minimum amount of additional

jail time may constitute prejudice.See**Glover v. United States,531**

**U.S. 198,203(2001)**(An increase in movant's sentence from six to

twenty one months as a result of counsel's error constituted

prejudice required for establishing ineffective assistance of

counsel under strickland.This disparity is sufficient to establish

prejudice under **Glover** holding that"...Our jurisprudence suggest

that any amount of jail time has Sixth Amendment significance."Id.

Based on the above ,this Honorable Court should find that the

petitioner based his decision not to accept the plea offer on

counsel's miscalculated risk through his misunderstanding of the

guidelines.So a "reasonable probability"exist that he would have

accepted the plea offer if he had been properly informed.The

crucial decision to reject a plea bargain and proceed to trial should not be made encumbered "with grave misconception as to the very nature of the proceeding and possible consequences". See **Beckham v. Wainwright**, 639 F.2d 262,267(5th Cir 1981);affirmed in **Lafler**.Steeped more in uniformed confusion that in competent knowledge of the relevant law ,however,the manifest inaccurate information conveyed by counsel to the petitioner denied him the efeective assistance of counsel guaranteed by the Sixth Amendment that endures that no defendant is left to the mercy of incompetent counsel.Thus,petitioner should be allowed to plea anew with the reinstatement of the plea offer at the point his Sixth Amendment right was violated.

## PETITIONER IS ENTITLED TO AN
## EVIDENTIARY HEARING

The petitioner contends that, based upon the above claim, he should at the very least be granted an evidentiary hearing in this case.The Fifth Circuit has found that an evidentiary hearing should be held where facts alleged,if proven,would entitle the defendant relief in his case,unless they turn on purely legal claim.See**United States v. Tubwell**,37 F.3d 175,179(5th Cir.1994). For hearing to be held,a defendant must show "independant indicia of the likely merit of his contentions."See **Harmason v. Smith**, 888 F.2d 1527,1529(5th Cir 1988).In **United States v. Smith**, 915 F.2d 959(5th Cir 1990)The Fifth circuit held that "if the district court can not resolve the allegations without examining the evidence beyond the record,it must hold a hearing."Id at 964. Furthermore Where a due process claim is alleged ,a hearing should be held

where the record is unclear on the facts underlying the claim.See Blackmon v. Scott,22 F.3d 560,567(5thCir.1994).

In the present case, the petitioner has raised a claim,including ineffective assistance of counsel ,which relies on facts occuring outside of the record.Additionally,if the Honorable Court takes the petitioner's allegations as true ,the petitioner is entitled to relief .Therefore ,at minimum,a hearing should be held.

## CONCLUSION

For the above foregoing reasons ,the right ,proper ,just and fair resolution in this case would be to vacate the petitioner's conviction and sentence.Thus allowing the petitioner the opportunity to accept the Government's previous plea offer of seventeen years and be resentenced accordingly.In the alternate and without prejudice to the above,the petitioner request and urges that an evidentiary hearing be held to determine whether he recieved ineffective assistance of counsel during plea negotiations,as submitted for relief herein.And ,for such other and further relief to which the Honorable Judge may find in its wisdom to be due and just.

Respectfully Submitted, Pursuant to
The Principles of Perjury of Title
28 U.S.C. §1746, and Signed on
March 19 , 2013

_Richard Hugly_
Richard Hugly
Fed. Reg. No. 60429-079
P.O. Box 3000 USP
White Deer, PA 17887

"ORIGINAL"

## DECLARATION

I,Richard Hugly declare under the penalty of perjury,that the above is true and correct to the best of my knowledge and information pursuant to title 28 U.S.C section 1746.

Date :March 19,2013

*Richard Hugly*

Richard Hugly

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS


RICHARD HUGLY,

       Petitioner,

  v.

United States of America,

       Respondent.

**Criminal Case No.**
4:93-cr-00172-S-001

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CERTIFICATE OF FILING AND SERVICE

Pursuant to the principles of Houstan v. Lack, 487 U.S. 266,

276 (1988), the Petitioner has on this date filed with the court

and served counsel for the opposing party with the required original

and copies of the enclosed documents by depositing same in the

prison mail collection box.  In sealed envelopes, first class

postage affixed and addressed to:

    Clerk of the Courts for
Southern District of Texas
515 Rusk St. Room 5300
Houston ,Tx. 77002-2600


    United States District Attorney, Appellate Division
1000 Louisina St. Suite 2300
Houston ,Tx 77002

Respectfully Submitted, Pursuant to
The Principles of Perjury of Title
28 U.S.C. §1746, and Signed on
March 19 , 2013

*Richard Hugly*
Richard Hugly
Fed. Reg. No. 60429-079
P.O. Box 3000 USP
White Deer, PA 17887












U.S.P. ALLENWOOD
P.O. BOX 3000
WHITE DEER, PA. 17887-3000

MAILED FROM
U.S. PENITENTIARY

MAILED FROM
U.S. PENITENTIARY

United States Courts
Southern District of Texas
FILED

MAR 2 5 2013

David J. Bradley, Clerk of Court

⇔60429-079⇔
U S Courthouse
Honorable Clerk of Courts
515 RUSK ST
Room 5300
Houston, TX 77002-2600
United States